```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF KENTUCKY
                         COVINGTON DIVISION


IN RE:

WILLIAM RAY ADKINS and
BETTY JANE ADKINS                                    CASE NO. 08-22589

DEBTORS
```

## MEMORANDUM OPINION AND ORDER

This matter having come before the court on Trustee's Motion to Determine Jurisdiction (DOC 41), and the matter having been heard on April 14, 2009, and the court having taken the matter under submission, the court hereby issues this memorandum opinion and order.

This matter is submitted to the court on two issues. The first issue is whether this court has jurisdiction over this case where the debtors did not sign the original petition that was filed with the court on December 16, 2008. If the court does have jurisdiction, the second issue is whether the petition should be determined to have been filed on December 16, 2008 (the date of the unsigned original petition), or on February 27, 2009 (the date a signed amended petition was filed with the court).

### Facts

A voluntary petition was filed with the court on December 16, 2008. That petition was not signed by the debtors and, hence, not verified by the debtors.

An amended voluntary petition was filed on February 27, 2009. That petition was signed by the debtors and properly verified.

The Chapter 7 Trustee asks this court to determine if it has jurisdiction over this case. If the court determines that it does

have jurisdiction, the Chapter 7 Trustee requests that the court determine the commencement date of the petition to be February 27, 2009 (the date of the amended petition).

The debtors argue that this court has jurisdiction, and that the case should not be dismissed for a lack of jurisdiction. The debtors agree with the Chapter 7 Trustee that only the amended petition of February 27, 2009, was signed and verified by them.

<u>Conclusions of law</u>

Federal Rule of Bankruptcy Procedures 1008 requires that a petition be verified. The absence of a verification is not a jurisdictional defect. <u>In re Mid-American Lines, Inc.</u>, 178 B.R. 514 (D. Kan. 1995). Courts can afford parties the opportunity to correct defects in verification. *See* <u>Federal Financial Co. v. Carro</u>, 2001 U.S. Dist. LEXIS 8854 (S.D. Fla. Feb. 27, 2001).

For those reasons, it is hereby ordered that the case shall not be dismissed for a lack of jurisdiction and that the commencement date of the case is February 27, 2009.

Copies to:

Michael L. Baker, Esq.
William K. Fulmer, II, Esq.
Debtors
Charles Ed Massey, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*William S. Howard*
**Bankruptcy Judge
Dated: Tuesday, April 21, 2009
(wsh)**